UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:14-cr-00389-JCM-PAL |
|---|---|
| Plaintiff, | ORDER |
| v. | |
| AMBER LEE CAMERON, | |
| Defendant. | |

Presently before the court is defendant Amber Cameron's motion for early termination of supervised release. (Doc. # 8). The government has not filed a response.

On October 29, 2012, defendant was sentenced by the U.S. District Court for the Central District of California for one count of intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) and one count of attempted exportation of cocaine in violation of 21 U.S.C. § 960(b)(2)(B). (*Id.* at 1). The court sentenced defendant to 37 months in custody and four years of supervised release. (*Id.*).

Defendant began her term of supervision in April, 2014. On December 12, 2014, her supervision was transferred to the District of Nevada. (*Id.*). Defendant asserts that she has complied with all conditions of her supervised release, with the exception of taking out a loan for a used car without having probation's approval beforehand. (*Id.*). Defendant further states that she has completed substance abuse treatment and testing, maintains two jobs, and is a productive, law-abiding member of society. Defendant's counsel reports that the defendant's probation officer, Shawn Mummery, does not object to early termination of defendant's supervised release. (*Id.* at 2).

Defendant is statutorily eligible for early termination of supervised release because she has served eighteen months of supervised release. Defendant believes that her supervised release should be terminated early because she has successfully integrated into the community, has had no criminal conduct on supervision, and she is not a risk of danger to the community.

Pursuant to 18 U.S.C. § 3583(e)(1), the court may, after considering the factors set forth in 18 U.S.C. § 3553(a), terminate probation after one year in the interests of justice. 18 U.S.C. § 3583(e)(1). The court considers the following factors when deciding whether early termination is appropriate:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed . . . to reflect the seriousness of the offense . . .;
> (3) the kinds of sentences available;
> (4) the kinds of sentence and the sentencing range established;
> (5) any pertinent policy statement –
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1)-(7).

Taking those factors into consideration, the court finds that early termination is warranted in this case. The purpose of supervised release is to help a prisoner reintegrate back into the community after incarceration. The court finds that the purposes of supervised release have been met in this case and early termination is warranted.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED, that defendant's motion for early termination of supervised release (doc. # 8) be, and the same hereby is, GRANTED.

DATED THIS 6th day of November, 2015.

_____
JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE